IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Michael B. Day,
    Plaintiff,
v.

The Chicago Board of Education, Geri Chico ( Board President ) in his official and individual capacity, Paul Vallas in his official and individual capacity, Lady who pretended to be Judy Butler in Sept., 1998, Head Attorney (Marilyn Johnson) of the Board in 1998, in her official and individual capacity, Head of teacher personnel for the Chicago Board of Education in 1998 in their official and individual capacity, and others responsible for the acts against the plaintiff in this complaint.
    Defendants

JUDGE ZAGEL

00C 5534

NO _____

MAGISTRATE JUDGE ROSEMOND

RECEIVED
SEP -8 2000
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

COMPLAINT

Plaintiff alleges as follows:

Jury Demand

COUNT ONE: DEFENDANT, ACTED TO INTERFERE WITH PLAINTIFF"S RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AND FIFTH AMENDMENT TO THE U.S. CONSTITUTION AND 42 U.S.C. Sec. 1983

1. On Sept. 6, 1995, plaintiff entered the waiting area of the Teachers employment office of the Chicago Board of Education at 1819 W. Pershing Rd. Chicago, Il. There plaintiff attempted to pass out literature concerning substitute teachers. A clerk named Judy Butler told plaintiff that her boss said he could not pass "those" out and if he did, security would be called and he would be escorted from the building. Plaintiff ceased his attempts( He had passed some out in that location in 1993 and 1994 ). After some minutes, two guards, came up to a partition next to the area. One guard was named Fernando Falcon. The other may have possibly

1

gone to the same church as the plaintiff when he was a child. The literature dealt with the Chicago Board of Education reporting to the public of a lack of theacher and substitute teachers ( day-to-day ) and contained facts that the board's reporting was fraudulent. Plaintiff left the waiting area and the guards followed him.

2. In Sept, 1997 plaintiff filed suit under the fourteenth and first amendment to the U. S. Constitution and under 42 U.S.C. Sec 1983 against the Chicago Board of Education and its head for violations of his right to free speech. ~~Copy complaint attached~~.

3. In about Sept. 1998 Defendants except for lady pretending to be Judy Butler decided to prevent plaintiff from going to trial in the matter of paragraph "2 " by obtaining a person to pretend to be Judy Butler and have her to offer false testimony concerning the events of the waiting room. ~~The Chicago Board of Education is a public body with appointed officials, using taxpayers monies. It is a body politic.~~

4. The Chicago Board of Education is a public body with appointed officials, using taxpayers'monies. It is a body politic. The offices of the Board at the time of the event was at 1819 W. Pershing Rd. ( the Main office is now at 125 S. Clark, Chicago, Il. ). Defendant were appointed officials of the Board or its hired employees ( except the woman pretending to be Judy Butler at the time of the discussions of paragraph "three " ). They acted under color of law.

5, Defendants were embarrassed by the content of plaintiff literature and would have been more embarrassed by it if the matter went to trial.

They discussed the matter among themselves and agreed to procure a person to do the deed. they approach the personw who would be pretending to Judy Butler and discussed the matter with her. All of the defendants agreed to the goal of paragraph three.

6. On Sept 16, 1998, this woman acting as Judy Butler appeared for oral deposition and gave sworn statements. plaintiff allowed her to continue to expose her later at trial. She gave internally inconsistant statements, constatntly contradicting herself. She waived signature on the oral deposition. She gave untrue testimony against the plaintiff.

7. In Oct. 1998, plaintiff wrote to the stenographer of the oral deposition askingh her by affidavit to describe the woman at the depostion. This woman ( the phoney Judy Butler )has a sister ( by physical identification ) who worked at the board 's main offices. She was removed from public view when plaintiff saw her in about Nov. 1999, After she reported that plaintiff had stared at her ( in a recognizing manner ).

8. Sometimes after the Phony Judy Butler testified at the oral deposition the defendants gave her a job at the board's offices at 125 S. Clark.

9. Defendants, Board, Vallas, Chico, Head of Teacher personnel, 1997-1998, and board attorney had the real Judy Butler removed from the board offices at 1819 W. Pershing and 125 S. Clark and set her up at another office or school to prevent an identification of the real Judy Butler.

3

10. Even if plaintiff were not to prevail at a trial concenting the matter the defendants trying to pervent him from obtaining due process is a violation of his right under the fifth and fourteenth amendaments to the U.S. Constitution.

11. Plaintiff has been very angry and despondent by the actions of the dedendants. 42 U.S.C. 1983 gives a person a right to relief for violations of their rights.

12. Defendants have requested that Maurice Bullett ( Butler's former supervisor at the board ) not provide any indentiying information concerning Judy Butler by way a request to him.

COUNT TWO: DEFENDANTS VIOLATIED PLAINTIFF'S RIGHT TO FREE SPEECH
UNDER THE FIRST AMENDMENT AND THE FOURTEENTH AMENDMENT TO THE U.S.
CONSTITUTION AND 42 U.S.C sec. 1983

13. Plaintiff realleges paragraphs one to twelve.

14. Plaintif had a freedom of speech right to present the board's violation of his free speech in 1995 to the Court. Courts have ruled that to prevent a person from present such a right in court is a violation of Free speech under the First Ameadment to the U.S. Constitution.

15. COUNT THREE: DEFENDANTS CONSPIRED TO VIOLATE PLAINTIFF'S
FIRST AMENDMENTS RIGHT TO FREE SPEECH, FIFTH AMENDMENT
TO DUE PROCESS FOR PROCEDURAL PROCESS, AND FOURTEENTH
AMENDMENT RIGHTS UNDER THE U.S. CONSTITUTION BY WAY OF
42 U.S. C. Sc 1985 (1),(2),(3), 18 U.S.C. Sec. 1515

4

18 U.S.C. Sec. 1512(b)18 U.S.C. § 371

15. Plaintiff realleges paragraphs one to twelve and fourteen.

16 Defendants in presenting the false witness and the false witness testifying at the oral deposition, in doing so, committed a crime. testifying at the oral deposition, in doing so, committed a crime.

17. Courts have refused to apply the "INTRACORPORATE CONSPIRACY DOCTRINE " for icriminal conspiracies; United States v. Hughes Aircraft Co., 20 F. 3d 974,978-79 ( 9th Cir. 1994 ); United States v. Armes Sintering Co., 927 F. 2d 232,236( 6th Cir. 1990 ); United States v. Hugh Chalmers Chevrolet-Toyoto,Inc., 800 F. 2d 737,738 (8th Cir 1986 ); United States v. Peters 732 F. 2d 1004,1007-08 ( 1st Cir. 1984 ); United States v. Wise, 370 U.S. 405,417, 82 S.Ct. 1354, 8 L.ed 2d 590 ( 1962 ) This was to expand rather than shrink corporate responsibility by making a corporation responsible for the negligent acts of its agents.

1
18. An extension of the criminal conspiracy exception to civil cases is consonant with the purpose of § 1985. The act was in response to Klan (Ku Klux Klan ) terrorism against persons and was designed to proscribe conspiracies acting against the property, and liberties of them.

19. When a corporation and its members( employees ) conpire against some person this is by some to be a conspriracy of a person with himself.This is the " Intercorporate Conspiracy ctrine.

5

20. Defendants, Vallas and Chico, conspired with the phony Judy Butler to act against plaintiff's rights because they would be embarrassed by the things brought out against the board at a trial or even evidence used in a summary judgment. All other named or desribed employees of the board were let in on the plan added to it, discussed it and agreed to it.

Wherefore, Plaintiff demand in relief 300,000 dollars, and any other relief this court or a jury may deem fit, in addition.

By: Michael B. Day

*Michael Day*

Michael Day

P.O. Box 804843

Chicago, Il. 60680